IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 17, 2025

## STATE OF TENNESSEE v. NANCY ABBIE TALLENT

**Appeal from the Circuit Court for Anderson County**
**No. C1C00062   Michael Pemberton, Judge**

_____

### No. E2024-01163-CCA-R3-CD

_____

The Defendant, Nancy Abbie Tallent, was convicted by an Anderson County Circuit Court jury of two counts of third-offense driving under the influence (DUI), a Class A misdemeanor. *See* T.C.A. § 55-10-401 (2024). The trial court merged the convictions and sentenced the Defendant to eleven months and twenty-nine days, to be served at 75%. On appeal, the Defendant contends that: (1) the trial court lacked jurisdiction over the case, (2) no probable cause existed for her arrest, (3) the trial court erred by failing to strike the testimony of witnesses who offered allegedly perjured testimony, (4) a police officer committed willful misconduct because he "overcharged" her in order to obtain a higher bond and obtain leverage for a plea agreement, (5) the trial court erred by not suppressing the blood sample evidence based upon the use of an allegedly outdated consent form, (6) the police violated the Defendant's HIPAA rights and violated State law by requesting her medical records and by fabricating the alcohol toxicology report used at trial, (7) the police violated State law by altering video evidence used at trial, (8) she was denied due process of law due to various defects in the conviction proceedings, (9) she was denied an additional blood sample for defense testing, (10) police officers perjured themselves and suborned perjury, (11) the chain of custody for the blood evidence was not established, and (12) the State unjustifiably made a plea offer after the jury returned the guilty verdict in order to avoid an allegedly meritorious appeal following "an abusive performance" during the trial. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and TOM GREENHOLTZ, J., joined.

Nancy Abbie Tallent, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Dave Clark, District Attorney General; Brad Pewitt and Bradon Pelizzari, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The Defendant's conviction results from her operation of a car on September 21, 2019. Oak Ridge police officers responded to the parking lot of a church, where they discovered the Defendant's car stuck in a ditch with the rear tires off the ground. The Defendant admitted to officers at the scene that she had been drinking beer, and she appeared to be impaired. The Defendant was taken to a hospital, where a blood sample was collected. Forensic analysis of the blood sample revealed that the Defendant's blood-alcohol concentration was 0.331%.

The Defendant claimed at the trial that her blood-alcohol concentration had been lower than what the State alleged and claimed that she owned a breathalyzer. She acknowledged that she had been drinking, denied that she had driven, and asserted that a friend had driven her car into the ditch but left the scene before the police arrived. She said the friend died in 2020, which was before her 2024 trial. She also claimed that the audio from the recordings from police body cameras and patrol car cameras had been altered.

The Defendant elected to proceed pro se in the trial court, as she has on appeal, and is no stranger to appellate litigation. Before her trial, the Defendant filed an application for extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10, which this court denied. *State v. Nancy Abbie Tallent*, No. E2023-00866-CCA-R10-CD (Tenn. Crim. App. Aug. 4, 2023) (order). She also filed, pro se, a notice of appeal in this case, and this court dismissed the appeal as premature. *State v. Nancy Abbie Tallent*, No. E2023-00869-CCA-R3-CD (Tenn. Crim. App. Aug. 8, 2023) (order), *perm. app. denied* (Tenn. Jan. 10, 2024). The Defendant received a separate conviction related to a January 10, 2020 car collision. In that case, she was convicted of two counts of third-offense DUI, which were merged into a single judgment of conviction. We affirmed the judgment in her pro se appeal of that case. *State v. Nancy Abbie Tallent*, No. E2023-00750-CCA-R3-CD, 2024 WL 5167716 (Tenn. Crim. App. Dec. 19, 2024), *perm. app. denied* (Tenn. May 23, 2025).

### Analysis of Which Issues Are Properly Raised

Turning to the present appeal, the Defendant has raised numerous issues which she failed to preserve, as she did not raise them in a motion for a new trial. *See* Tenn. R. Crim. P. 33(b).

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions

granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

T.R.A.P. 3(e). All issues not raised in a motion for a new trial are considered waived, except for sufficiency of the evidence and sentencing. *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004); *see* T.R.A.P. 3(e).

The record reflects that, at the close of the State's proof, the Defendant made a motion for judgment of acquittal, which the trial court denied. The Defendant then moved for a new trial, and the court advised the Defendant, "You can't move for a new trial until this trial is over." The Defendant asked, "Are you going to give me time to do that?" and the court responded, "I always do." The record does not reflect that the Defendant ever filed a motion for a new trial at the appropriate time, that is, after the trial.

In her reply brief, the Defendant asserts that she did not file a motion for a new trial at the appropriate time because the trial judge threatened her with contempt proceedings "if she filed any motions regarding errors that occurred while he was presiding." To support her allegation, she cites to an October 2, 2023 pleading she filed in the trial court, in which she claimed that the judge made the contempt threat at a September 27, 2023 hearing. In the Defendant's pleading, she asserted, "[T]he trial court has already stated he will not hear issues which are a basis for a new trial, acquittal, mistrial, arrested verdict, etc." No transcript of a September 27, 2023 hearing appears in the appellate record. The Defendant asserts that, at the hearing, the prosecutor sought to have the Defendant remanded into custody to serve her sentence in another DUI case[1] following her withdrawal of post-trial motions in that case. She also asserts that the prosecutor filed a motion to revoke her bond in the present case related to a dispute about an alcohol-monitoring device. The record otherwise reflects that the September 27, 2023 hearing predated the Defendant's August 28 and 29, 2024 trial by eleven months.

Tennessee Rule of Appellate Procedure 3(e) defines the issues which must be raised in a motion for a new trial or will be considered waived. The rule is cast in mandatory, not discretionary, terms. Having failed to identify issues in a motion for a new trial and having failed to obtain a ruling on the motion from the trial court, plenary review of the majority of the Defendant's appellate issues is waived. Specifically, the Defendant has waived this court's consideration of the merits of the following issues: (1) whether the trial court erred

---

[1] The other case formed the basis for the appeal in *Nancy Abbie Tallent*, 2024 WL 5167716. The record reflects that both cases were pending simultaneously in the trial court for a period of time.

by failing to strike the testimony of witnesses who offered allegedly perjured testimony, (2) whether a police officer committed willful misconduct because he "overcharged" her in order to obtain a higher bond and obtain leverage for a plea agreement, (3) whether the trial court erred by not suppressing the blood sample evidence based upon the use of an allegedly outdated consent form, (4) whether the police violated the Defendant's HIPAA rights and violated State law by requesting her medical records and by fabricating the alcohol toxicology report used at trial, (5) whether the police violated State law by allegedly altering video evidence used at trial, (6) whether she was denied due process of law due to various defects in the conviction proceedings, (7) whether she was denied an additional blood sample for defense testing, (8) whether police officers perjured themselves and suborned perjury, and (9) whether the chain of custody for the blood evidence was established.

The Defendant invites this court to consider these issues, which should have been raised in the motion for a new trial, as a matter of plain error, but her brief fails to conduct an analysis of each of the five factors required for plain error relief as to each of these issues, except for her argument relative to the failure to preserve a blood sample for defense testing. *See State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000); *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). As to all of these issues, including the failure to preserve a blood sample for defense testing, she has failed to cite to the voluminous record relative to facts she alleges in her brief. Her brief is inadequate and fails to comply with the Rules of Appellate Procedure and of this court. *See* T.R.A.P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b). We will not speculate as to the tenor of a party's unspoken arguments, nor will we comb a lengthy record in search of evidence to support unsubstantiated factual assertions in a party's brief. Review for plain error is waived. *See* Tenn. Ct. Crim. App. R. 10(b); *Nancy Abbie Tallent*, 2024 WL 5167716, at *5 ("Although the Defendant elected to proceed pro se, she still 'bears the burden of persuading an appellate court that plain error entitles [her] to relief' and is obligated to make an adequate argument as required by Rule 27 of the Tennessee Rules of Appellate Procedure."); s*ee also State v. Knowles*, 470 S.W.3d 416, 425 (Tenn. 2015).

The Defendant has raised an issue regarding whether probable cause existed for her arrest, and she asserts in her reply brief that this issue is not waived despite her failure to raise it in a motion for a new trial. She argues that Tennessee Rule of Appellate Procedure 3(e) does not require that an issue of this nature be raised in a motion for a new trial. In the Defendant's appeal of her conviction in another case, this court held that the Defendant waived plenary review of several issues, including a probable-cause-for-arrest issue, by failing to raise them in a motion for a new trial. *Nancy Abbie Tallent*, 2024 WL 5167716, at *3-4. In the present case, the Defendant raised the probable cause issue in her brief but failed to provide any argument and any citation to the record. The issue is waived on this basis. *See* T.R.A.P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).

The Defendant also contends that she is entitled to unspecified relief based upon the State's allegedly unjustifiable plea offer after the jury returned the guilty verdict, which she alleges was made in order to avoid an allegedly meritorious appeal following "an abusive [prosecutorial] performance" during the trial. Although she has listed this issue in her brief, she has not made any argument specifically addressing it, nor has she cited to the record and relevant authority. Consideration of this issue is waived. *See* T.R.A.P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b).

The Defendant has also challenged the trial court's jurisdiction. "Subject matter jurisdiction is 'the power of a court to adjudicate the particular category or type of case brought before it.'" *Abdur'Rahman v. State*, 648 S.W.3d 178, 187 (Tenn. 2020) (quoting *Turner v. Turner*, 473 S.W.3d 257, 269 (Tenn. 2015)); *see State v. Cawood*, 134 S.W.3d 159, 162-63 (Tenn. 2004). Subject matter jurisdiction is not subject to waiver; indeed, it forms the basis for a court's authority to act. *Abdur'Rahman*, 648 S.W.3d at 187 (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)). An appellate court must always consider whether it has subject matter jurisdiction, without regard to whether the question is presented as an issue for review. T.R.A.P. 13(b). Because the determination of whether subject matter jurisdiction exists is a question of law, appellate review is de novo. *Cawood*, 134 S.W.3d at 163; *see Abdur'Rahman*, 648 S.W.3d at 187. Thus, because consideration of whether a court has subject matter jurisdiction is always appropriate and is beyond the reach of waiver, we will consider this issue.

The Defendant has raised two jurisdictional arguments: (1) the trial court lacked jurisdiction because the judge who presided over her case in circuit court was not properly appointed, and (2) the trial court lacked jurisdiction for her 2024 trial because this court in 2023 denied her appeal as premature. *See Nancy Abbie Tallent*, No. E2023-00869-CCA-R3-CD (Tenn. Crim. App. Aug. 8, 2023) (order).

The Defendant's first argument relates to Judge Mike Pemberton's having presided in circuit court after Senior Judge Robert E. Lee Davies had been assigned by the Tennessee Supreme Court Chief Justice to hear this and another case in Anderson County General Sessions Court, after all local general sessions judges recused themselves. The assignment order bears the general sessions docket numbers for this case and a second case. Relying on language in the Chief Justice's order, which states that Senior Judge Davies shall "hear the above styled case to its conclusion, including any post-trial matters," the Defendant argues that Judge Pemberton, a circuit court judge, had no jurisdiction to adjudicate her case once it reached circuit court.

The record reflects that Senior Judge Davies presided at the preliminary hearing in Anderson County General Sessions Court and bound the Defendant's case over to the Anderson County Grand Jury, which later returned a true bill as to the two-count indictment charging the Defendant with two modes of third-offense DUI. *See generally* Tenn. R.

Crim. P. 5, 6 (preliminary hearings and grand jury proceedings). Once the case was bound over to the grand jury and an indictment was returned, Senior Judge Davies' duties in the case as a general sessions judge ended, and jurisdiction was vested in the Anderson County Circuit Court of the Seventh Judicial District. *See generally* T.C.A. § 16-10-102 (2021) ("The circuit court has exclusive original jurisdiction of all crimes and misdemeanors, either at common law or by statute, unless otherwise expressly provided by statute or this code.").

The record reflects that Seventh Judicial District Circuit Court Judge Ryan Spitzer recused himself due to a conflict of interests and that Judge Pemberton, whom this court knows is a duly-elected circuit court judge in the Ninth Judicial District, agreed to accept appointment and was designated by the presiding judge of the Seventh Judicial District, which encompasses Anderson County, to sit by interchange. *See* T.C.A. §§ 17-2-202(a)(2) (2021) (providing that a state trial court judge has an affirmative duty to sit by interchange after reaching an agreement for a "mutually convenient interchange" with another judge), 17-2-206 (2021) (conferring "the same power and jurisdiction" on a judge sitting by interchange as the judge in whose place the interchanging judge is acting); Tenn. R. Evid. 201 (judicial notice). Judge Pemberton acted pursuant to the statutes conferring jurisdiction when he served as judge sitting by interchange in the Defendant's case.

We turn to the Defendant's argument that the trial court lacked jurisdiction because its jurisdiction had been lost when she prematurely appealed to this court. As we have stated, this court dismissed the appeal as premature, and the Tennessee Supreme Court denied the Defendant's application for permission to appeal. The supreme court's mandate remanded the case to the Anderson County Circuit Court for further proceedings. Thus, jurisdiction resided in the trial court, which thereafter held the Defendant's trial. *See Nancy Abbie Tallent*, No. E2023-00869-SC-R11-CD (Tenn. Jan. 23, 2024) (mandate); *see also* T.R.A.P. 43(b).

The Anderson County Circuit Court had subject matter and personal jurisdiction over the Defendant. The Defendant is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE
